Good morning. May it please the court. The district court increased Mr. Benavidez's base offense level from 14 to 20 based upon the finding that Texas robbery is a crime of violence. It is not. The 2023 guideline amendment defined the enumerated offense of robbery for the first time, and Texas robbery is broader than that definition in at least four respects, each of which independently requires reversal. I'll start first with the mens rea overbreadth argument and then continue as time allows. The first basis for overbreadth is that Texas robbery includes a reckless mens rea and the guidelines enumerated offense does not. This 2023 amendment that included a robbery definition of robbery for the first time is word for word the language from Hobbs Act robbery statute. Hobbs Act, based off the circuit cases from the 1st, 4th, 9th, and 11th, does not include the reckless use of force by means of overcoming the taking. And I don't think there's any dispute, Texas robbery explicitly does. This mismatch is dispositive. The government's main argument, as I understand it, as to why it isn't, is that this is the guidelines, and in guidelines we don't infer intent if it's not put in there. And that might be true when we're talking about enhancements like, is it a stolen firearm? Is it something like, was there an obliterated serial number? But here it's different. And we have several cases from the circuit noting that when guideline language tracks statutory language, the court interprets the two provisions identically. Notably, the main case that the government cites for this proposition, Gonzalez v. Lopez, it's an older case, and that dealt with the force clause. And there the court said, well, there's no intent here for the force clause, so we're not going to infer it. And then later, the Supreme Court came down and said, for purposes of the Armed Career Criminal Act, the definition of violent felony and that force clause said, no, you need intentional use of force. Reckless use of force is insufficient. And then this court, and I believe every other circuit in the country, has applied that same interpretation and rationale to the force clause as it is within the guidelines. So even though it doesn't have that intent requirement, this court has said, we're going to interpret the guidelines exactly like the statute has been interpreted by the Supreme Court. So there's no different interpretation here simply because it is the guidelines versus the Hobbs Act statute as it is. We also know that the Hobbs Act robbery requires intentional conduct because the Department of Justice flagged this and was concerned with this as this definition was being adopted. That there are robberies, states like Texas, where reckless conduct is sufficient to meet the force requirement. And that is what is presented here. Robbery, as is defined in the guidelines, does not include a reckless mens rea. In Texas, robbery here does. To briefly address the court's decision in Ellis, I didn't check to see when the defendant was sentenced, but there the court was analyzing and the defense attorney had made the argument based off of the old definition of robbery, the generic definition that's a little bit more squishy. That's the definition that the courts had come to based off of looking at how all of the states across the country define robbery. And it was much different from the definition that we have here, which is, again, word for word, Hobbs Act robbery. What are the key differences when you say much different? Well, it's a lot more vague. The generic definition simply stated, aggravated larceny or the misappropriation of property under circumstances involving immediate danger to a person. Here, the Hobbs Act robbery, and in previous cases, the court had interpreted that to include a reckless mens rea, I believe. Here, we have that it's not just the taking by means of involving immediate danger to a person. The main reason for the change was to include property, threat or danger to property, which was not included within the prior guideline definition. But it's also quite clear that any taking, and this goes into the second basis for overbreath, but it's also quite clear that any taking must be by the means of, by the means of the use of force. And Hobbs Act robbery, the statute, and the circuits that have interpreted it are clear that any use of force can't be incidental to the taking. So your view is that, I think it's Ellis, is there really nothing in that that is binding on us? Is that your view? Yes, correct. The Ellis decision, and I didn't check to see if the defendant was sentenced, Mr. Ellis was sentenced, when the old definition was still in play. But I know the defense attorney, all of the argument was based on the prior generic definition. And looking at the Ellis opinion, it's on this old definition. It doesn't discuss the amendment to the guidelines and this new robbery definition that we have now. So it's not binding because it doesn't actually address the guideline that's at issue before the court today, and doesn't address the arguments that are made before the court today. And it also would not create a circuit split with the Wickware decision from the Fifth Recklessness argument, knowing that it was waived. So this wouldn't cause any kind of circuit split, and it's consistent with the circuits that have interpreted Hobbs Act robbery. Counsel, moving beyond the mens rea issue, the government asks us to apply language from Taylor's, the minor variations in terminology language. When should or does that language apply? That language applies when it's a matter of semantics. Sometimes you have cases where a defense attorney, or whoever it is, is arguing, well there's a slight difference in language. For example, I think in one of the cases I cited, there was arguments based off of, well, sufficient to compel a victim to part with this property does not mean force sufficient to overcome a victim's resistance. It's almost like it's two ways of saying the same thing, and when there are just minor differences in language, we're not going to find overbreadth unless whoever is arguing overbreadth can find cases that show that it's applied in an overbroad manner. So our position is it's a matter of semantics versus elements. And here we know it's a difference of elements, especially when it comes to the question of whether the force is part of the taking, or whether the force can be during the escape, which is Texas robbery, because we have two circuits, the 10th and the 11th, who have reversed on sufficiency grounds, because in those cases, the force that was used was not the causation or is not what forced the taking. The force occurred later. A lot of times I think it's when someone is trying to escape. And so it's not just a semantics difference. It's not just minor, because the 11th Circuit and the 10th Circuit had said, this isn't Hobbs Act robbery. This is not meeting the elements of the offense for by means of. So here it's not, it is not a matter of semantics. It doesn't meet that Taylor's language. It is a significant difference, an elemental difference under the categorical approach. And when you have this elemental difference, pushing it beyond just a semantics difference, there is no limiting principle. And the categorical approach is hard enough. And thinking at least we have this baseline concrete standards for practitioners and judges. Does it match the elements or does it not? If we start getting into, okay, maybe it's an element, but it's not that big of a deal, it's just too difficult for courts to make that determination of whether there's a mismatch or not. So if there are no further immediate questions, I would reserve the remainder of my time. You may. Thank you. May it please the court. Good morning, counsel. The Hobbs Act robbery, of course the government concedes that generally statutes and guidelines should be read consistently. The Hobbs Act and this guideline should be read differently for a couple of reasons. One, a statute requires amends to separate innocent from guilty conduct. The guidelines don't. And this court has already said it shouldn't read in to the guidelines amends. That's why the Hobbs Act and the guideline here is different. Additionally, following the defendant's argument here would really turn the guideline's reasoning on its head. The guideline was amended to change the generic for an enumerated definition of robbery. It is just impossible to imagine that the guidelines wanted to disclude the robberies from Texas and California and some of the most populous states in the country. But why not if they were directly linking it to Hobbs Act robbery? So two things. Forgive the repetition here, but the analysis for the statute is different than the analysis for the guideline for the reasons I articulated. The government thinks in a statute you have to have amends rea because there's always this possibility of having to separate innocent from criminal conduct. That's the point of the statute. That's never the case with regard to the guideline. So the guideline always is dealing with convicted criminal not innocent conduct. And so that's the difference between why you need amends rea in the Hobbs Act and why you don't need amends rea in the guidelines. And this court has binding precedence on the point. But again, if you linked it directly to what a Hobbs Act robbery is, that's what I'm trying to, I sort of understand what you're saying in a general sense, but here we have a direct link where the commission was pointing directly to a Hobbs Act robbery. So I'm puzzled how we could go and say, well, we're just going to ignore that one aspect of the Hobbs Act robbery, which is the amends rea. I'll plead exhaustion at this point, Your Honor, and then elaborate. The idea that the guidelines were discussing obviously convicted conduct makes this materially different than the situation where a charging decision or a conviction has to be made. So I think that when the sentencing guidelines were changed, it wasn't if they were ignoring the Hobbs Act robbery. They used the language from the Hobbs Act robbery. I understand that. The difference is implicit within the tools they're addressing. The one is a knife. The two might speak of them similarly, but everybody knows there's a difference between the two. And that I think is what happened here. The Hobbs Act robbery and the guidelines are similar and normally they should be interpreted similarly, except one's a knife and one's a shield. They have different purposes and that different purpose is why there's amends rea in the one and not the other. Those two things are crucially linked. And then I would just say, Learned Counsel pointed out the letter that the department submitted in its advocacy, and it's really important that that be understood as advocacy to the commission to not change it, to not disclude or water down the robberies that are committed. It wasn't speaking to the issue before us now. It wasn't a clarification about what the amendment had already done. So I wouldn't put, the government doesn't put any weight in that letter in this context. Counsel, I wanted to ask you about the Borden case. I realize that it's a force clause case, but why doesn't that case provide some guidance to this court, given that the Supreme Court noted that there was amends rea implicit in the force clause of at least knowingly? So as you pointed out, this is not a force clause. Here we have the enumerated crime of robbery and that makes all the difference. That's the key difference that separates our situation now from if we were talking about force clause. So that's part one. Part two is that we're talking now about, again, a guideline where we know that the robbery has been committed. We know that the instant federal offense has been committed. So there's no need for an analysis of mens rea. But most importantly, I'll come back to what I started with. We're not talking about the force clause here. We have the enumerated case of a robbery, Texas robbery. So recklessness, the Texas robbery statute does fit within the federal guidelines and should not be excluded for that reason. And then I would just argue with regard to the second point and the comment about the Taylor note, the Taylor reasoning when it should be applied and learned counsel said only when it's minor or semantic. Well, they didn't say semantic. And if they were to say minor, that's what we have here. That's where we get into this substantially corresponds. If something substantially corresponds, the differences are what? Minor. That's what we're talking about here. Isn't there a difference between the by means of and in the course of? I think counsel had given sort of an example of that where other circuits have said, no, that doesn't qualify as a Hobbs Act because of the harm that happened after the taking. Well, it's interesting that the Fifth Circuit that of course covered Texas and has presumably the most experience with Texas robbery found that this Texas robbery was consistent with the guideline. And it did so, you know, we cite the Goldforth case as an example of this substantially corresponds. So the government's position is here that it does substantially correspond with the guideline. Do you not think that there are some situations where it could be in the course of but not by means of? I'm not prepared to concede that, though I could probably talk in or out of that proposition. As I stand here, I'm not able to concede that. I think that in this case, this Texas statute substantially corresponds with the guideline. The guideline was broadened with the effort to cover more, not less, robberies. And here we are then really in a situation where there's binding authority from this circuit explaining that we're not going to read mens rea into guidelines. When you say you think it's substantially similar, the two phrases, right, in the course of and by means of, can you explain why you think that that's substantially the same? Sure, and it's the inverse of why I wasn't able to answer your other question. It's hard for me to imagine a difference between those that is other than minor or semantic. In this case, I would really just urge this Court to follow its own precedent and then look to the Fifth Circuit, which has definitively answered the question and rule in favor of the government and don't disturb this on appeal. How about the timing issues? I understand that one of the arguments is that there's a difference between the guidelines definition, which is at the time the force needs to be applied, at the time of the taking, whereas the Texas statute doesn't have that. Would you articulate the government's response to that? Is it simply that those are substantially similar? That is my short answer. My long answer is in the brief, and I can't think of how I articulated in the brief right now. But my short answer is that it is, once again, substantially consistent. But I know I elaborated, or the government elaborated on it in its brief, and I can't quite remember that now. I guess I'm wondering if there aren't situations when that might result in something more than a minor difference, at least in the application in a particular factual setting. In other words, in Texas where the force could be used during flight, and I'm not sure that would fall under, that might be significantly different than under the federal definition. I'm unable to really help you on that. I can't quite remember what I said in my brief, but I know the brief addressed it. I'll look it up. I'm sorry, Your Honor. No, that's fine. Unless there are other questions, I will again ask you to take my efforts here today and then link them to the brief where I stand principally. Thank you, Your Honors. I'll first start with Borden, and it's not directly helpful to our argument, but it is indirectly, because we're not arguing that the enumerated offense of robbery does not include recklessness based on Borden. That's not our argument. But Borden is instructive because there they interpreted the force clause to not include reckless conduct, and that was a statute. And then, since then, this Court has applied that same interpretation to the guidelines. It did not say, well, we're not going to infer in mens rea because we don't do that in the guidelines. The Court said, we're interpreting this force clause exactly the way it's been interpreted for the purposes of the definition of violent felony. And finally, for this question of if it's incidental to the taking or whether it's by means of, and if that's substantial, I would direct the Court to the Eleventh Circuit's decision in Grable. This decision does a very thorough job of discussing Hobbs Act robbery, and it notes that this was adopted at a time where the majority of states required that the force be necessary to the taking. Grable notes that some states have since moved away from that and have found a robbery when there's an assault or use of force later, like during the escape, but notes that Hobbs Act robbery is about using force to effectuate the taking. And that's the by means of. Yes, that's the by means of, correct. And our position is that is not just a minor difference. That is a substantial difference. If there are no further questions, I would ask this Court to reverse and remand for resentencing without the guideline enhancement. Thank you. Thank you. Thank you to both counsel for your argument and briefing, and we will take the matter under advisement.